UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-4514-DMG (SKx) | Date | October 17, 2018 |
| Title | *Abdul Wahed R. Ibrahim v. Morgan Southern, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [12] AND DEFENDANT'S MOTION TO DISMISS AND STRIKE [7]**

On April 16, 2018, *pro se* Plaintiff Abdul Wahed R. Ibrahim filed a Complaint in Los Angeles County Superior Court against Defendant Morgan Southern, Inc.[1] Removal Notice, Ex. A at 2–30 (Compl.) [Doc. # 1-1].[2] The Complaint avers that Defendant employed Plaintiff as a truck driver from December 2014 to June 2015, and raises the following nine state-law causes of action: (1) intentional misclassification of an employee,[3] (2) failure to provide meal periods, (3) failure to provide rest periods, (4) failure to pay overtime and double time wages, (5) failure to pay minimum wages, (6) violations of California Labor Code section 203, (7) failure to furnish timely and accurate wage statements, (8) failure to pay all wages owed during each pay period, and (9) violations of California's Unfair Competition Act. *See id.* at 4–6, 16–27. On May 24, 2018, Defendant removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). *See* Removal Notice at 1–4 [Doc. # 1].

On May 31, 2018, Defendant filed a Motion to Dismiss and Strike Portions of the Complaint ("MTD/MTS"). [Doc. # 7.] On June 21, 2018, Plaintiff filed a Motion to Remand ("MTR"). [Doc. # 12.] Both motions have since been fully briefed.[4] [Doc. ## 15, 17, 18, 19.] For the reasons discussed in this Order, the Court **DENIES** Plaintiff's MTR and **GRANTS IN PART** and **DENIES IN PART** Defendant's MTD/MTS.

---

[1] Plaintiff also named "Morgan Southern Trucking" as a Defendant. Removal Notice, Ex. A at 2 (Compl.) [Doc. # 1-1]. Nonetheless, the California Secretary of State's records indicate that "Morgan Southern Trucking" is simply Defendant Morgan Southern, Inc.'s dba. *See* Ross Decl., Ex. 1 [Doc. # 1-4].

[2] All page references herein are to page numbers inserted by the CM/ECF system.

[3] Although the cover page of Plaintiff's Complaint asserts that the first cause of action arises under 29 U.S.C. section 203(c), *see* Removal Notice, Ex. A at 2 (Compl.) [Doc. # 1-1], the body of the pleading clarifies that this claim arises under only the California Labor Code. *See id.* 16–17.

[4] Plaintiff apparently elected not to file a reply to Defendant's opposition to his motion.

# I.
# LEGAL STANDARDS

### A. Motion to Remand

"[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). If only written materials are submitted for the district court's consideration, then the removing defendant need only establish a *prima facie* case to survive a motion to remand. *See Parker*, 570 F. Supp. at 642–43; *cf. Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (holding that a motion to remand for lack of subject matter jurisdiction is governed by Rule 12(b)(1) standards); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1085–86 (N.D. Cal. 2013) ("When a factual [Rule 12(b)(1)] motion to dismiss is made and only written materials are submitted for the court's consideration, a plaintiff need only establish a *prima facie* case of jurisdiction.").

### B. Motions to Dismiss and Strike

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must accept all factual allegations as true on a Rule 12(b)(6) motion, legal conclusions are not entitled to the assumption of truth. *Id.* In conducting this analysis, "*[p]ro se* complaints are to be construed liberally . . . .'" *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (*en banc*) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)).

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-4514-DMG (SKx)** | Date | October 17, 2018 |
|---|---|---|---|
| Title | *Abdul Wahed R. Ibrahim v. Morgan Southern, Inc., et al.* | Page | 3 of 6 |

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . .'" *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (alteration in original) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). "With a motion to strike, . . . the court should view the pleading in the light most favorable to the nonmoving party." *Id.* (quoting *Platte*, 352 F. Supp. 2d at 1057). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12–00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012)).

## II.
## DISCUSSION

### A.   Plaintiff's MTR

Plaintiff argues that remand is warranted because the Removal Notice is untimely, the Court lacks diversity jurisdiction over the action, certain persons have not joined in the Removal Notice or consented to removal, and Defense Counsel failed to sign the Removal Notice. *See* MTR at 1–6. The Court addresses each of these purported defects *seriatim*.

First, pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." It is undisputed that Defendant was served with the Complaint on April 24, 2018, Ross Decl. at ¶ 2 [Doc. # 1-4], and that Defendant filed the Removal Notice on May 24, 2018. Removal Notice at 1 [Doc. # 1]. As there are thirty days in April, Defendant filed the Removal Notice just before Section 1446(b)'s thirty-day deadline expired.

Second, 28 U.S.C. section 1332(a) provides that a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a)(1); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Although Plaintiff concedes that the amount in controversy is at least $458,899, *see* MTR at 3, Plaintiff contends that he and Defendant are citizens of the same state. *See id.* at 3–4. Plaintiff alleges that he is a resident of California, Removal Notice, Ex. A

at ¶ 6 (Compl.) [Doc. # 1-1], which is his presumptive state of citizenship, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his or] her state of domicile . . . ."); 13E Charles Alan Wright, Federal Practice & Procedure § 3612 (3d ed. 2017) ("It is assumed . . . that a person's current residence is also his domicile"). Plaintiff also contends that Defendant conducts business in Wilmington, California. Removal Notice, Ex. A at ¶ 7 [Doc. # 1-1]. Yet, he admits that Defendant is a Delaware corporation, *see id.*, and he does not dispute Defendant's evidence that its principal place of business is in Georgia, *see* Ross Decl., Ex. 1 (Defendant's Statement of Information) [Doc. # 1-4]. Therefore, there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business).

Third, 28 U.S.C. section 1446(b)(2)(A) provides that all defendants who have been properly joined and served must consent to removal in order for it to be effective. Because Plaintiff has failed to identify any parties to this action other than Defendant, no other persons have been "properly joined and served" for the purposes of the removal statute. *See* Removal Notice, Ex. A at 2 (Compl.) (bringing suit against Defendant and fifty fictitious defendants) [Doc. # 1-1]. Consequently, Defendant did need not secure any other person's consent in order to properly remove the action to this Court.

Lastly, 28 U.S.C. section 1446(a) requires a defendant to sign its removal notice. The record shows that Defense Counsel discharged that obligation. *See* Removal Notice at 4 [Doc. # 1]. The document attached to Plaintiff's MTR is simply an unsigned notice that Defendant intended to submit to the state court after it filed the Removal Notice. *See* MTR at 10 (the header shows that this document is an attachment to the Removal Notice).

For the reasons stated above, the Court **DENIES** Plaintiff's MTR.

**B.    Defendant's MTD/MTS**

Defendant moves to dismiss Plaintiff's first, seventh, and eighth causes of action, and to strike Paragraph 37 of the Complaint. MTD/MTS at 1.

Defendant contends that Plaintiff's first cause of action (intentional employee misclassification under California Labor Code section 226.8) and his eighth cause of action (failure to pay wages each pay period in violation of California Labor Code section 204) fail for lack of a private right of action. *See* MTD/MTS at 5–7. With regard to the first cause of action, the Complaint states that Plaintiff seeks recovery by virtue of the Private Attorneys General Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-4514-DMG (SKx)** | Date | October 17, 2018 |
|---|---|---|---|
| Title | ***Abdul Wahed R. Ibrahim v. Morgan Southern, Inc., et al.*** | Page | 5 of 6 |

of 2004 ("PAGA"), *see* Removal Notice, Ex. A at ¶¶ 50–51 ("Compl.") [Doc. # 1-1], which authorizes private plaintiffs to recover for violations of Section 226.8. *See* Cal. Lab. Code § 2699(f)–(g); *id.* § 2699.3(c); *id.* § 2699.5. Nevertheless, Plaintiff may not bring suit under PAGA because the statute authorizes a plaintiff to assert claims "on behalf of himself . . . and other current or former employees against whom one or more of the alleged violations was committed[,]" *see* Cal. Lab. Code § 2699(g)(1), and *pro se* litigants may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Therefore, Plaintiff's first cause of action fails for that reason. In addition, the Court agrees with Defendant that there is no private right to bring suit for violations of Section 204. *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011).

Defendant further argues that Plaintiff's first and eighth causes of action are time-barred, as is his seventh cause of action for failure to furnish timely and accurate wage statements in violation of California Labor Code sections 226 and 226.3. *See* MTD/MTS at 3–5. Because Plaintiff explicitly seeks civil penalties under the first and seventh causes of action, *see* Removal Notice, Ex. A at ¶¶ 51, they are subject to California Civil Procedure Code section 340(a)'s one-year statute of limitations. *See* Cal. Civ. Proc. Code § 340(a) (providing that "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state" is subject to a one-year statute of limitations); *Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 866 & n.2 (C.D. Cal. 2016) (noting that PAGA claims are subject to California Civil Procedure Code section 340(a)'s one-year limitations period). Plaintiff ceased working for Defendant in June 2015, *see* Removal Notice, Ex. A at ¶ 10 (Compl.) [Doc. # 1-1], yet he did not report any Labor Code violations to the Labor & Workforce Development Agency ("LWDA") until February 27, 2017, *see id.* at ¶ 50, and he did not file suit until April 16, 2018, *see id.* at 2. Accordingly, absent delayed accrual, tolling, or the application of a similar doctrine, his first cause of action is time-barred, as is his seventh cause of action for civil penalties.[5] *See* Cal. Lab. Code § 2699.3(c)–(d) (tolling the statute of limitations for PAGA claims only during the 33-day period in which LWDA is assessing alleged Labor Code violations); *Byrd*, 215 F. Supp. 3d at 866 n.2. Plaintiff's assertion that he was unaware of the one-year statute of limitations until May 17, 2018 does not excuse his delay in commencing this action. *See* Pl.'s Opp'n re MTD/MTS at 4 [Doc. # 15]; *cf. McGee v. Weinberg*, 97 Cal. App. 3d 798, 803 (1979) ("The

---

[5] Plaintiff also seeks actual damages under his seventh cause of action. *See* Removal Notice, Ex. A at ¶ 95 (Compl.) [Doc. # 1-1]; *see also* Cal. Lab. Code § 226(e)(1) (allowing an employee to recover actual damages for knowing and intentional violations of Section 226(a)). Accordingly, this aspect of the seventh cause of action is subject to California Civil Procedure Code section 338(a)'s three-year statute of limitations. It follows that the seventh cause of action is not time-barred to the extent it seeks the recovery of actual damages attributable to any wage statements Plaintiff should have received on or after April 16, 2015. On the other hand, any damages arising from wage statements that he should have received prior to that date are untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-4514-DMG (SKx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | *Abdul Wahed R. Ibrahim v. Morgan Southern, Inc., et al.* | Page | 6 of 6 |

statute of limitations is not tolled by belated discovery of Legal theories, as distinguished from belated discovery of Facts."). Therefore, the seventh cause of action is time-barred to the extent it seeks civil penalties, as is the first cause of action.

Additionally, Defendant requests an order striking Paragraph 37 of the Complaint. Paragraph 37 purports to identify certain alleged "common questions of law and fact" pursuant to California Civil Procedure Code section 382 (*e.g.*, whether Defendant willfully misclassified employees as independent contractors). That statute allows plaintiffs to assert claims in a representative capacity. *See* Cal. Civ. Proc. Code § 382. Because Plaintiff is *pro se*, he may not bring suit on behalf of any other persons, *see Simon*, 546 F.3d at 664. Thus, Paragraph 37 must be stricken. *See* Fed. R. Civ. P. 12(f) (providing that the court may strike any "immaterial" or "impertinent" matter).

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's MTR, **STRIKES** Paragraph 37 of the Complaint, and **DISMISSES** the first cause of action, the eighth cause of action, and the seventh cause of action only insofar as the latter claim seeks civil penalties or to recover damages resulting from wage statements that Plaintiff should have received before April 16, 2015. The Court **GRANTS** Plaintiff leave to amend *solely* for the purpose of remedying the deficiencies identified in this Order. Within 21 days of the date of this Order, Plaintiff shall file an amended complaint consistent with this Order, or notify Defendant and the Court of his intention not to file an amended pleading. Defendant's response to the operative pleading shall be filed within 21 days after the filing of Plaintiff's amended complaint or the notice of his intention not to amend.

**IT IS SO ORDERED.**